UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Robert Dale Smart, #272017, | ) | C/A No. 2:13-2449-GRA-BHH |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Warden of Kershaw Correctional Institution, | ) | |
| Respondent. | ) | |

Robert Dale Smart ("Petitioner"), as a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. §636(b) and Local Rule 73.02(B)(2) D.S.C., the undersigned is authorized to review such petitions and submit findings and recommendations to the District Judge. For the reasons that follow, the undersigned recommends that the District Judge dismiss the Petition in this case without prejudice and without issuance and service of process.

Procedural and Factual Background

At the time he filed the instant Petition, Petitioner was an inmate at the Kershaw Correctional Institution of the South Carolina Department of Corrections. He has since been released.[1] Petitioner again challenges a fifteen-year sentence imposed on January 17, 2001, in the Court of General Sessions for Union County, after being found

---

[1] Under 28 U.S.C. § 2254(a), a habeas corpus petitioner challenging his state law conviction must be "in custody" for a federal court to have jurisdiction over his petition. *See Maleng v. Cook*, 490 U.S. 488, 490–92 (1989). Although it appears that Petitioner has completed his criminal sentence, it is not clear from the face of the Petition whether or not he has any kind of probation or community supervision component still to be served on the criminal conviction. For purposes of this Report, it is assumed that Petitioner is still "in custody" on the state criminal conviction.

guilty of first degree criminal sexual conduct with a minor. (ECF No. 1 at 1.) As discussed in previous filings with this Court,[2]

> [Petitioner] filed a direct appeal in his criminal case and pursued post conviction relief proceedings in the state courts. In this case, and in his prior cases filed in this Court, [Petitioner] maintains that he is innocent and did not commit the crime. It is appropriate for this Court to take judicial notice of [Petitioner]'s prior cases.
>
> [Petitioner] filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, and it granted the Respondent's motion for summary judgment and dismissed the § 2254 petition with prejudice. In the § 2254 case, [Petitioner] alleged, among other things, prosecutorial misconduct, ineffective assistance of trial counsel, deficient indictment, alteration of trial transcripts, his incarceration was intended to prevent him from filing a lawsuit against doctors who hid the fact of his poisoning, and the lingering effects of the poisoning has left him unable to eat food provided by SCDC. [Petitioner] appealed his § 2254 case to the United States Court of Appeals for the Fourth Circuit, which dismissed the appeal on August 31, 2010. [Petitioner] alleges that he filed a petition for a writ of certiorari with the United States Supreme Court, which denied the request on March 7, 2011. [Petitioner] alleges that he filed a motion for rehearing with the United States Supreme Court, and the Court denied the motion on June 6, 2011.

*Smart v. Wilson*, C/A No. 2:11-2087-GRA-BHH, 2011 WL 4808212, at *2 (D.S.C. Aug. 30, 2011) (citations omitted).

In the case *sub judice*, Petitioner alleges, "The State has suppressed evidence, the Petitioner has been denied all requested discovery or to authenticate the DSS or Rosborough reports, that proves Petitioner's innocence. Until the Petitioner is granted the requested discovery the statute of limitation has not begun to run." (ECF No. 1 at 15.)

---

[2] This Court may take judicial notice of its own records. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (district court clearly had the right to take notice of its own files).

Petitioner asks that his sentence be vacated or reversed, and for his name to be cleared.[3] (ECF No. 1 at 16.)

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, the Rules Governing Section 2254 Proceedings for the United States District Court, and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992), *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989), *Haines v. Kerner*, 404 U.S. 519, 519 (1972) (*per curiam*), *Nasim v. Warden, Maryland House of Correction,* 64 F.3d 951, 953–56 (4th Cir. 1995) (*en banc*), *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983), *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978), and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus,* 551 U.S. 89, 90–95 (2007) (*per curiam*); *Hughes v. Rowe,* 449 U.S. 5, 9–10 & n.7 (1980) (*per curiam*); *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in

---

[3] As Petitioner has since been released from prison, his request for "immediate release from prison" is moot. (ECF No. 1 at 16.)

3

a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## Discussion

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court, move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) (citing 28 U.S.C. § 2244(b)(3)) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions."). Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2254.

Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. Indeed, prior to filing the within Petition, Petitioner filed a § 2244 motion with the Fourth Circuit Court of Appeals for an order authorizing this Court to consider a second or successive § 2254 application for relief. *See In re Smart*, No. 13-348 (4th Cir. Aug. 23, 2013) (ECF No. 2-1). On September 3, 2013, the Fourth Circuit denied Petitioner's motion, *id.* (ECF No. 4), and, on September 16, 2013, denied Petitioner's motion for reconsideration, *id.* (ECF No. 6). Accordingly, this unauthorized, successive Petition must be dismissed. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization

4

to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition).

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a post-conviction petition is issued. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.

### Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed without prejudice and without requiring Respondent to file an answer or return. It is also recommended that the District Court deny a Certificate of Appealability. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). Petitioner's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

October 25, 2013  s/Bruce Howe Hendricks
Charleston, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).