UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Robert Dale Smart | ) | C/A No.: 2:13-02449-GRA-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Warden of Kershaw Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before this Court for a review of United States Magistrate Judge Bruce Hendricks' Report and Recommendation made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) DSC, and filed on October 25, 2013. Petitioner Robert Dale Smart ("Petitioner")[1], proceeding *pro se*, brought this action pursuant to 28 U.S.C. § 2254 on September 5, 2013.[2] ECF No. 1. Magistrate Judge Hendricks recommends that this Court dismiss Petitioner's § 2254 Petition without prejudice, because Petitioner has not requested permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. Report & Recommendation, 4–5, ECF No. 15.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those

---

[1] At the time he filed the §2254 Petition, Petitioner was an inmate in state custody at the Kershaw Correctional Institution. He has since been released. Under 28 U.S.C § 2254(a), a United States district court has jurisdiction to entertain petitions for habeas relief only from persons who are "in custody." *See Maleng v. Cook*, 490 U.S 488, 490–92 (1989). While it appears that Petitioner has completed his criminal sentence, it is not clear from the face of his § 2254 Petition whether Petitioner has any probation or community supervision component still to be served on his criminal conviction. For purposes of this Order, it is assumed that Petitioner is still "in custody" on the challenged state criminal conviction.

[2] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk. *Houston v. Lack*, 487 U.S. 266, 270–76 (1988).

drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Matthews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which a specific objection is made, and this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Furthermore, a failure to object waives a petitioner's right to appeal. *Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).  No objections to the Report and Recommendation have been filed, and the time to object has passed.[3]

---

[3] Objections were due by November 12, 2013.  The court clerk forwarded a copy of the Report & Recommendation to Petitioner on October  25, 2012, along with a notice that stated:
> The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. . . . "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'". . . . Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. . . . **Failure to timely file specific objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such a Recommendation.**

Report & Recommendation 6, ECF No. 15 (citations omitted).

After a careful review of the record, this Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes the case and applicable law. Accordingly, for the reasons articulated by the Magistrate Judge, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus is DISMISSED without prejudice.  The Court declines to issue a certificate of appealability in this matter.[4]

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

November  15, 2013
Anderson, South Carolina

---

[4] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability.  *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255.  The Court has reviewed its order and, pursuant to Rule 11(a), declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").